■ SYLVIA WILLIAMS, Respondent, v DYNAMIC DECISION, INC., et al., Appellants. [676 NYS2d 214] —In an action to recover damages for personal injuries, the defendants Dynamic Decision, Inc., and International Business Machines Corporation separately appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated April 29, 1997, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred pursuant to CPLR 214 (5).

Ordered that the appeal by the defendant Dynamic Decision, Inc., is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant International Business Machines Corporation, on the law, the motion of that defendant is granted, and the complaint is dismissed insofar as asserted against that defendant; and it is further,

Ordered that the defendant International Business Machines Corporation is awarded one bill of costs.

The rule in so-called "repetitive stress injury" cases is that the cause of action accrues against a given manufacturer upon the onset of symptoms or the last use of the injury-producing device, whichever is earlier (*see, Blanco v American Tel. & Tel. Co.,* 90 NY2d 757). Since the plaintiff alleged in her complaint that her last use of the device manufactured by International Business Machines Corporation (hereinafter IBM) took place in September 1989, five years before she commenced this action, the action against IBM is time-barred pursuant to the three-year Statute of Limitations set forth in CPLR 214 (5). Bracken, J. P., Sullivan, Joy and Altman, JJ., concur.